No. 5989.

INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY
v. JAMES M. ECKFORD.

1. LEASE OF RAILWAY.—A railroad company in Texas can not lease the right to use its road so as to absolve itself from its duties to the public without legislative authority. (Railway v. Morris, 68 Texas, 59.)

2. CHARGE.—Where the general charge by the court is clear and applicable to the case made by the testimony, it is proper to refuse instructions upon the same subjects.

3. NEGLIGENCE.—The common knowledge and experience of jurors, their acquaintance with the affairs of life and the motives of men acting under different conditions, are specially called into request in determining whether the facts established on a trial show negligence. It is proper for the court to refuse instructions upon isolated facts as evidencing negligence or proper care.

4. CALLING OF STATIONS IN RAILWAY CARS.—The effect to be given to the calling of the name of a station where the train is halting is a fact with others, the effect of which is to be determined by the jury.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

This is an appeal from a judgment rendered September 25, 1886, for two thousand nine hundred dollars in favor of Eckford for damages for personal injuries received at or near Cotulla, a station in La Salle county, Texas, on the road of the appellant.

The defense was a general denial, contributory negligence, and specially that defendant had leased its property and franchises in June, 1881, to the Missouri Pacific Railway company, and that the lessee had operated the road ever since the lease. The injury was inflicted September 20, 1884.

When near the station at Cotulla the train was halted and the station called, it being in the night time. Plaintiff, stepping from the platform steps of the car in which he was a passenger, fell through the trestle work of a bridge upon which the train had stopped.

The facts of falling and the injury were not controverted. Upon other points the testimony was conflicting.

After stating the issues, the court charged:

"3. It is the duty of a railroad company to convey its passengers safely, and it is the duty of the employes of the railroad company to exercise care and diligence in the exercise of their respective duties, and any omission or failure to discharge fully all of the obligations incumbent on said employes is negligence; and if a passenger suffers injury by such negligence, the railroad company is liable therefor.

"4. The proof must show affirmatively that the plaintiff was a passenger upon the road of the defendant, and as such passenger, was injured by the acts and negligence of the defendant and the employes of the defendant; the proof must also show that the plaintiff was induced to believe from the acts or words of the employes of the defendant that it was in-

tended the plaintiff should alight from the train at the time and place when and where he did alight from said train of cars.

"6.   If, therefore, in view of all the facts and circumstances in evidence in this case, you believe the plaintiff was a passenger on defendant's train of cars, and was injured, as alleged in his petition, and that said injury was caused without any fault of his, but, on the contrary, by the fault, carelessness and negligence of the agents and employes of the defendant, in manner and form as set forth and charged in plaintiff's petition, you will find for the plaintiff, and you will state in your verdict the amount of damages you find from the evidence the plaintiff has sustained by reason of such wrongful act.

"7.   If you believe from the evidence that the plaintiff, in alighting from the train, failed to exercise the ordinary care and caution which a prudent man would usually exercise under like circumstances, and that such neglect on the part of the plaintiff contributed proximately to the injury suffered by him, then the plaintiff is guilty of contributory negligence, and he can not recover in this suit.

"So also, if you believe from the evidence that the plaintiff attempted to alight from the train of the defendant at a place other than the station of defendant, he can not recover for any injuries to his person he may have sustained, unless you find from the proof that he was directed to alight then and there by the defendant's employes.

"So also, if you find from the evidence that the injury to plaintiff was purely accidental, or proximately caused by plaintiff's own negligence, and not through any fault of the defendant company, or its employes, you will find for the defendant."

"Should you find for the plaintiff, you may in considering the actual damages sustained by him, take into consideration any bodily pain, fear, mental anguish, and suffering which you may find from the evidence resulted from his injuries, and allow him reasonable compensation therefor."

Among other charges asked by appellant and refused, were the following:

"Eleventh.   It is the duty of all employes of a railroad company entrusted with the management and control of passenger trains to be at their post of duty while the train is in motion,

and when the passengers are coming on board, or departing from said train, but their absence from their posts would not entitle the plaintiff to recover unless such absence caused the accident, or contributed in a material degree thereto, and passengers upon trains must use their senses and take the responsibility of informing themselves concerning the every day incidents of railway traveling, and if there is nothing in the evidence from which the jury may conclude that the injury was caused by some act or omission not incident to the constant usage of the carrier, or indicating fault on the part of the employes of the company, they must find the verdict for the defendant.

"Twelfth. If the jury believe from the evidence that the plaintiff was familiar with the railroad station at Cotulla, and knew on which side of the track the same was situated, and was aware of the fact that said train had not reached the depot, and under these circumstances, and in the dark, without any direction from the defendant's employe to alight upon the east side of the track, or the side other than that on which the station was located, then this was negligence on his part, and the verdict should be for the defendant."

*H. E. Barnard,* for appellant: 1. The lease of the property and franchises of the defendant to the Missouri Pacific Railway Company, and the fact that the lessee was operating the road should have been recognized as a defense. (Mo. Pac. R'y Co. v. Watts, 63 Texas, 553; Hicks v. I. & G. N. R. R. Co., 62 Texas, 38; Cunningham v. I. & G. N. R. R. Co., 51 Texas, 509; Bailey v. Troy & Boston R. R. Co., 52 Amer. R., 129; Mahoney v. Atlantic, etc., R. R., 63 Maine, 68; Singleton v. S. W. R. R. Co., 70 Georgia, 464; St. Louis, etc., R. R. v. Curl, 28 Kansas, 622.)

2. On contributory negligence: H. & T. C. R. R. Co. v. Smith, 52 Texas, 178; I. & G. N. R. R. Co. v. McCarthy, 64 Texas, 637; T. & P. R'y Co. v. Garcia, 62 Texas, 285; Dallas & W. R'y Co. v. Spicker, 61 Texas, 427; G. H. & S. A. R'y Co. v. Smith, 59 Texas, 406; Bridges v. N. L. R. W. Co., 6 Q. B , 377; Michigan Central R. R. v. Leaky, 10 Michigan, 198; Vicksburg & Meridian R. R. Co. v. Hart, 19 Amer. and Eng. R'y Cases, 522; C. & G. T. R'y Co. v. Mitchell, 18 Amer. and Eng. R'y Cases, 176.

*Houston Bros.* for appellee: 1. On contributory negligence. T. & P. R'y Co. v. Wright, 62 Texas, 17; Frisby v. With-

ers, 61 Texas, 141; Traylor v. Townsend, 61 Texas, 147; Vaughn
v. Warnell, 28 Texas, 119; Clark v. Wilcox, 31 Texas, 322; Ford
v. Barnett, 23 Texas, 460; Hutchins v. Masterson, 46 Texas, 551.

2. The lease by defendant is illegal: Smith v. Montez, 11
Texas, 24; Payne v. Francis, 37 Texas, 75; Corzine v. Marion,
37 Texas, 511; 5 Wait's Act. and Def., sec. 1, p. 332; Wilson v.
R'y Co., 26 Vermont, 717; 1 Red. on R'ys, sec. 142; Dower v.
R'y Co., 42 Iowa, 546; Davis v. R'y Co., 121 Massachusetts, 134.

3. The law was given in the charge of the court and charges
repeating it were properly refused: Barbee v. Hail, 31 Texas,
161; Wilson v. Adams, 15 Texas, 323; Hicks v. Bailey, 16 Texas,
229; Clark v. Wilcox, 31 Texas, 322; Oliver v. Chapman, 15
Texas, 400.

WALKER, ASSOCIATE JUSTICE. The appellee sued for dam_
ages for personal injuries alleged to have been sustained near
the station of Cotulla, upon the road of the defendant.

The defense was general denial, contributory negligence on
part of plaintiff, and lease of defendant's road to the Missouri,
Kansas & Texas Railway Company. Judgment was rendered
for two thousand nine hundred dollars, and the defendant ap-
pealed.

The decision in 68 Texas, 59, Railway v. Morris & Crawford,
that a railroad in Texas can not lease the right to use its road
so as to absolve itself from its duties to the public without leg-
islative authority, disposes of all the assignments of error
touching the alleged lease by the defendant.

Further complaint by appellant is that the law as to contrib-
utory negligence was not fully given; and error by the court
in refusing charges applicable to the testimony and supplying
the defects in the charge as given; that the duty of the defend-
ant, as defined by the court, was more onerous than that pre-
scribed by the law, and that the verdict was not supported by
the testimony.

The circumstances of the injury, as stated in the testimony
of the plaintiff, are as follows: "The train reached Cotulla at
about two o'clock at night. The whistle blew, the conductor
came through the car, and a lady asked him what station it
was, and he told her it was Cotulla. The brakeman opened
the front door of the car and called: 'Cotulla.' The train
stopped, and I and several other passengers got up from our

seats and started out of the car. Givens was with me. We went out on the platform. I caught hold of the railing and stepped off. The night was very dark, and I believed we were at the proper place to get off. When I stepped off I fell through the trestle to the ground below. I sustained an injury to my spine and a broken leg by the fall. * * * I got off the train because the whistle blew, the train stopped and the station was called, and I thought I was at the station. I did not know that the trestle was there. I had been to Cotulla twice before. Was never there during the day time, and when I was there before the train did not stop at the trestle. I put the satchel down on the platform and stepped down. I thought I was going to step on the ground, but went through the trestle. No warning of any kind was given me, and there was no light there. The man with the lantern had called ' Cotulla,' and I thought we were at the station, the proper place to get off." The trestle upon which the train was stopped was one hundred and fifty to two hundred yards from the station at Cotulla. The plaintiff was a passenger, and he was to stop at Cotulla. The instructions given by the court are full, clear and applicable to the case made by the testimony.

The instructions eleven and twelve, refusal of which is complained of, are objectionable. They encroach upon the province of the jury. Whether the acts and omissions in evidence constituted negligence without which the injury had not happened, was to be determined by the jury. "The common knowledge and experience of jurors, their acquaintance in the affairs of life, and the motives of men acting under different conditions, are especially called into request in determining such questions." (Pierce's Law of Railroads, p. 318.)

The testimony was conflicting to an extent unusual even in this class of cases. The testimony given by the plaintiff is corroborated in all material details. On the other hand, every statement, save his fall and injury, is contradicted by witnesses called for defendant. It was for the jury to determine in this conflict. The verdict would be alike final had they found for defendant.

The effect to be given to the calling out of the name of the station when the train was halting was also a fact to be found —the calling itself only a fact to be considered with the other circumstances. Some courts have held it to be "an announce-

ment by the railroad officers that the train is approaching or has arrived at the platform, and that the passengers may get out when the train stops at the platform." But on this courts conflict. (Railroad Accidents, p. 261.)

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Opinion delivered May 15, 1888.