McBRIDE v. HODGES. (No. 8741.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 24, 1917. Rehearing Denied Jan. 12, 1918.)

1. MASTER AND SERVANT ☞297(4)—INJURIES TO SERVANTS—CONTRIBUTORY NEGLIGENCE IN REDUCTION OF DAMAGES—VERDICT.

In a personal injury case, after instruction as to contributory negligence and that verdict for plaintiff should be diminished in proportion to the amount of his negligence, under Vernon's Sayles' Ann. Civ. St. 1914, art. 5246h, a verdict for the plaintiff is a finding that defendant's negligence was the proximate cause of plaintiff's injury.

2. MASTER AND SERVANT ☞289(39) — INJURIES TO SERVANT—ACTIONS—QUESTIONS FOR JURY—CONTRIBUTORY NEGLIGENCE AS PROXIMATE CAUSE OF INJURY.

It cannot be said as a matter of law that the wearing of a jumper sleeve unbuttoned and dangling three or four inches from the arm, the catching of which on a cable resulted in servant's injury, was the proximate cause thereof or only an intervening agency; the question being one of fact for the jury.

3. MASTER AND SERVANT ☞286(25) — INJURIES TO SERVANTS — ACTIONS—KNOWLEDGE BY MASTER OF DEFECT OR DANGER.

Whether a master permitting a pulley to become so out of alignment that a servant had to hold a cable to prevent its running off a wheel is negligent, and whether he is bound to anticipate that a loose sleeve of a servant's jumper might be caught, resulting in injury, is for the jury to decide, and a finding that such negligence was the cause of the servant's injury is justified.

Appeal from District Court, Wichita County; E. W. Nicholson, Judge.

Action by F. F. Hodges against W. C. McBride. Judgment for plaintiff, and defendant appeals. Affirmed.

Carrigan, Montgomery & Britain, of Wichita Falls, for appellant. W. E. Fitzgerald, of Wichita Falls, and Allday & Allday, of Burkburnett, for appellee.

DUNKLIN, J. W. C. McBride was engaged in the business of drilling oil wells and the machine used for that purpose was known as an "oil rig." The cable by means of which the drill was operated wound around what was called a "calf wheel" on the floor of the derrick, and extended from that wheel to and over a pulley located at the top of the derrick of the rig. The calf wheel was not in proper alignment with the pulley over which the cable ran.

F. F. Hodges was employed by McBride as a "tool dresser," but a part of the duties of his employment was to assist in installing new cables whenever they were necessary. While he was so employed, it became necessary to remove the cable from the machinery and replace it with another. By reason of such improper alignment of the calf wheel with the pulley above, while the new cable was being wound around the calf wheel, after the old one had been removed, it would run off one side of the wheel and fail to wind thereon unless prevented from so doing by some one holding it, and while Hodges was engaged in thus holding the cable in place the sleeve of his jumper, which he was then wearing, and which was unbuttoned and hanging loose and dangling from his arm three or four inches, became entangled with the cable, and he, being unable to extricate himself therefrom, was carried by the cable over the pulley, and when the machinery was stopped he fell and was injured. He instituted this suit for damages against McBride for the personal injuries so sustained, and from a judgment in his favor McBride has prosecuted this appeal.

It was alleged in plaintiff's petition that McBride was an independent operator employing about 20 men; that the drilling machinery was improperly constructed by reason of such improper alignment of the calf wheel with the pulley at the top of the derrick; that the calf wheel could easily have been so constructed that it would have been in proper alignment with the pulley; that, had it been so constructed, it would have been unnecessary for plaintiff or any one else to hold the cable while being installed upon the derrick in order to keep it from running off the calf wheel; that, had it been so constructed, plaintiff would not have been injured; and that the defendant was guilty of negligence in furnishing such machinery in that condition for plaintiff's use, which negligence was the proximate cause of his injury.

In addition to a general denial, the defendant pleaded that plaintiff's injury resulted from his own contributory negligence in wearing a jumper with a loose or unbuttoned sleeve; that had the sleeve been buttoned, as it should have been, it would not have been caught in the cable, and plaintiff would not have been injured. The defendant also pleaded that plaintiff's injury was the result of a risk which he assumed, and by reason thereof he could not recover.

Appellant has presented but one assignment of error, and that is to the refusal of the trial court to peremptorily instruct a verdict in his favor. Under that assignment, appellant insists that the evidence showed conclusively and without controversy that plaintiff would not have been injured if the sleeve of his jumper had been buttoned and not hanging loose, and that plaintiff was

guilty of contributory negligence in wearing a jumper in that condition while attempting to hold the cable, and that such contributory negligence on his part, and not the negligence of the defendant, was the sole proximate cause of his injury.

[1] The verdict of the jury construed in the light of the charge, shows a finding that the defendant was guilty of negligence in the particulars alleged, and that such negligence was the proximate cause of plaintiff's injury. In the court's charge the issue of plaintiff's contributory negligence was also submitted in connection with an instruction that, in the event a verdict should be returned in plaintiff's favor, the amount of his damages should be diminished in proportion to the amount of negligence atrributable to him and found by the jury; in accordance with the provisions of article 5246h, 3 V. S. Texas Civil Statutes.

[2] The evidence was ample to sustain a finding of negligence on the part of the defendant, as alleged in plaintiff's petition. In the first place, we cannot say, as a matter of law, that wearing the jumper with the loose sleeve was negligence. That was a question properly to be determined by the jury. The evidence shows without controversy that, if the sleeve of the jumper had been fastened and had not been permitted to hang loose, the accident would not have happened; but that fact would not of itself be of controlling importance in determining whether or not defendant's negligence was the proximate cause of the injury, since the same could be said of nearly every agency intervening between the primary cause and an injury resulting therefrom through other intervening agencies.

In T. & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162, in discussing whether a primary cause of an injury can be held to be the proximate cause warranting a recovery, the opinion of Chief Justice Stayton in Railway Co. v. Mussette, 86 Tex. 708, 26 S. W. 1075, 24 L. R. A. 642, was cited with approval, in which the following language from another decision was cited as a correct statement of the law:

"The test is to be found in the probable injurious consequences which were to be anticipated, not on the number of subsequent events and agencies which might arise."

After citing that decision and many other authorities, the following was said:

"But we are not prepared to hold that in no case can the original cause of the injury be deemed the proximate cause, where an independent and disconnected agency has supervened and brought about the result. The fact of the intervention of an independent agency, it occurs to us, bears more directly upon the question whether the injury ought, under all the circumstances, to have been foreseen; and, where this latter fact appears, we think that the original negligent act ought to be deemed actionable. In Seale v. Railway Company, 65 Texas, 274, Chief Justice Willie says: 'If the intervening cause and its probable or reasonable consequences be such as could reasonably have been anticipated by the original wrongdoer, the current of authority seems to be that the connection is not broken.' It follows that in our opinion the question of probable cause ought to depend upon the further question whether a reasonably prudent man, in view of all the facts, would have anticipated the result—not necessarily the precise actual injury, but some like injury, produced by similar intervening agencies."

[3] Applying the test as there laid down, we cannot say that the defendant, in furnishing the rig with the calf wheel so out of alignment with the pulley as to require the cable to be held in place by the hands of one of his employés while being wound around the wheel, should not reasonably have anticipated that some garment worn by the employé might be in such a condition that it would become entangled with the cable. We think it a matter of common knowledge that manual laborers often work with their sleeves unfastened, and that while unfastened the sleeves are likely to hang loose on some occasions, and that while in that condition there is danger of entanglement with machinery which is being operated by the wearer; and from their common experience and observation the jury were authorized to find that the defendant should reasonably have anticipated results of that character in consequence of the improper alignment of the calf wheel with the pulley.

For the reasons noted, the assignment of error is overruled, and the judgment is affirmed.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.