DAVIS, Agent, v. CHRISTMAS. (No. 6513.)*

(Court of Civil Appeals of Texas. Austin. Jan. 10, 1923. Rehearing Denied Feb. 14, 1923.)

1. Appeal and error &#9758;1068(5)—Refusal to instruct on contributory negligence not error in view of verdict.

Where, in a personal injury action, both negligence and contributory negligence were correctly defined in the court's charge and the jury required to find whether plaintiff was guilty of contributory negligence, having found that he was not, that defense was determined against defendant, and the refusal of its charge that plaintiff was guilty of contributory negligence, and therefore not entitled to recover, was not error.

2. Evidence &#9758;192—Permitting plaintiff in personal injury action to remove artificial eye and exhibit socket not error.

Where the injury complained of in a personal injury action caused plaintiff to lose one of his eyes, which had been removed and an artificial eye substituted therefor, in permitting him to remove the artificial eye and exhibit to the jury the empty eye socket there was no error.

3. Trial &#9758;133(6)—Remarks as to effect of contributory negligence, though improper, held not to require reversal.

In a personal injury action, statements of plaintiff's attorney in opening argument that if

the jury found him guilty of contributory negligence he could not recover, though improper, were not reversible error, in view of instructions to disregard.

4. Trial &#9758;120(2)—Statement, in argument, of self-evident proposition, not error.

In personal injury action for the loss of an eye, statements of plaintiff's attorney in argument that if plaintiff lost another eye he would be totally blind was merely a self-evident proposition, and did not convey to the jury information not already possessed.

5. Evidence &#9758;14—Common knowledge that one may lose both eyes.

It is a matter of common knowledge that any person may lose either or both eyes.

6. Evidence &#9758;589 — Party's own testimony sufficient.

Plaintiff's own testimony is sufficient to justify a finding of impairment of his earning capacity.

7. Damages &#9758;132(14)—$12,500 for loss of eye not excessive.

$12,500 damages for loss of an eye from a hot cinder from a railroad engine held not excessive.

8. New trial &#9758;44(3)—Jury's discussion of plaintiff's counsel fees held not to influence verdict.

On motion for a new trial of a personal injury action on account of alleged misconduct of the jury in discussing that plaintiff would have to pay attorney's fees, where the evidence showed that the discussion was after the verdict had been agreed on and written out, the trial court was justified in finding that the question of fees did not influence the verdict.

9. New trial &#9758;52—Jury's determining that plaintiff could recover something before deciding special issues not indicative that special issues were not fairly answered.

In a personal injury action, where special issues were submitted, that the jury first agreed that plaintiff was entitled to recover something, and then took up the issues and decided how they should be answered, did not necessarily indicate that the jury did not fairly answer the issues submitted.

Appeal from District Court, Bell County; M. B. Blair, Judge.

Action by Willie Christmas against James C. Davis, Agent. From a judgment for plaintiff, defendant appeals. Affirmed.

Charles C. Huff, of Dallas, Baker, Botts, Parker & Garwood, of Houston, and Tyler, Hubbard, Monteith & Dougherty, of Belton, for appellant.

Bowmer & Brewster, of Temple, A. L. Curtis, of Belton, and Winbourn Pearce, of Temple, for appellee.

KEY, C. J. The following statement of the nature and result of this case is copied from appellant's brief:

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction March 28, 1923.

"Appellee brought this suit in the district court of Bell county against appellant, alleging that appellant was Director General of the Railroads, and that appellee, while engaged in his duties as an employé for the American Railway Express Company at Bartlett on October 12, 1919, at the depot of appellant, had his eye injured by a red hot cinder from one of the engines operated by appellant's employés, and that he lost his eye as the result thereof; that he suffered great pain and anguish, and had become incapacitated from the performance of labor; that he was injured without negligence on his own part, and through the negligence of appellant; that appellant was negligent in the following respects:

"(a) That he had failed to equip the engine with sufficient spark arresters.

"(b) That he had failed to inspect the engine and keep the spark arresters, if any they were, in repair.

"(c) That the said engine was carelessly operated by appellant, in that it was started by working the same very hard and by pulling the throttle wide open and suddenly causing the escape from said engine of a large number of sparks and coals.

"Appellant answered by general demurrer and general denial and specially answered that plaintiff's injuries were the result of an unavoidable accident that could not have been foreseen or prevented by defendant, and that his injuries were caused by one of the risks ordinarily incident to his employment as an employé of the American Railway Express Company, and, further, that the loss of his eye was the result of his own negligence and contributory negligence in not having his eye treated by a competent physician immediately after the accident. And by trial amendment appellant pleaded that plaintiff was guilty of contributory negligence, in that after he saw a large number of coals, cinders, and sparks falling around him, and before any of said sparks struck him in the eye, he did not take any steps whatever to protect himself from injury.

"The case was tried by a jury upon special issues, after the court had refused appellant's various motions for an instructed verdict in his favor, which special issues and the answers of the jury thereto are as follows:

"Special issue No. 1: Do you find from a preponderance of the evidence that the defendant, his agents or employés, were negligent in starting his train in the manner he did start it at Bartlett on October 12, A. D. 1919? Answer Yes or No. Answer: Yes.

"If you have answered the foregoing question in the affirmative, then you will answer the following question: Special issue No. 2. Was said negligence, if any, the proximate cause of plaintiff's injury? Answer Yes or No. Answer: Yes.

"Special issue No. 3: Now, bearing in mind the court's instruction on the measure of damage, in what sum do you find that plaintiff has been damaged by his injuries, if any? Answer: $12,500.00.

"Special issue No. 4: Do you find from a preponderance of the evidence that plaintiff was guilty of contributory negligence in not protecting his eyes from cinders after he saw them falling? Answer Yes or No. Answer: No.

"Special issue No. 5: Do you find from a preponderance of the evidence that plaintiff's injury is the result of one of the risks ordinarily incident to his employment, and assumed by plaintiff in entering in the employment in which he was engaged when injured? Answer Yes or No. Answer: No.

"And the court entered judgment for appellee against appellant in the sum of $12,500 upon the answers of the jury. Appellant filed motion to set aside findings of jury and seasonable motions for new trial, all of which were overruled by the court; notice of appeal was given, supersedeas bond filed, and the case is now before this court for the correction of errors complained of herein."

## Opinion.

Under several assignments and propositions, counsel for appellant contend that he is not liable to appellee for the injury complained of, because such injury could not have reasonably been anticipated, and therefore the alleged negligence of appellant was not the proximate cause of appellee's injuries. We do not concur with appellant's counsel in the contention referred to, and therefore the assignments and propositions raising that question are overruled.

[1] We also hold that no error was committed in refusing to instruct the jury that the plaintiff was guilty of contributory negligence, and therefore not entitled to recover. In the court's charge, both negligence and contributory negligence were correctly defined, and the jury were required to find whether or not the plaintiff was guilty of contributory negligence; and, having found that he was not, that defense was thereby determined against appellant.

[2] The injury complained of caused the plaintiff to lose one of his eyes, which had been removed and an artificial eye substituted for it. Over the objection of the defendant, the plaintiff was permitted to remove the artificial eye, and exhibit to the jury the empty eye socket. It is contended that the exhibition referred to was wholly unnecessary to establish the injury alleged by the plaintiff, and that it was calculated to arouse sympathy for him and prejudice and passion against the defendant. It is a common practice, sanctioned by our appellate courts, for plaintiffs in personal injury cases to exhibit to the jury the hand, foot, or other part of the person alleged to have been injured, to aid the jury in determining the extent of such injury. In this case, if the plaintiff had so desired, he could have removed his artificial eye before he took the witness stand, and we do not think it was error to permit him to do so and exhibit his face, as it would have been if he had pursued the course suggested.

[3] In the opening argument to the jury, one of plaintiff's attorneys stated that, if

the jury found him guilty of contributory negligence, then he could not recover, to which remarks the defendant objected, and the court sustained the objection, and instructed the jury to disregard the remarks referred to. The remarks were improper, but we have no reason to suppose that they influenced the jury in deciding the case.

[4, 5] In arguing the case, one of the attorneys for the plaintiff told the jury that, if he should lose his other eye, as he was liable to, he would be totally blind and incapable of making a living, to which statement and argument the defendant objected, and requested the court to reprimand the attorney, and instruct the jury to disregard such argument, which the court declined to do; and that ruling is complained of in this court. We overruled appellant's contention in that regard. Stating to the jury that if the plaintiff lost another eye he would be totally blind was merely the statement of a self-evident proposition, and did not convey to the minds of the jurors any information not already possessed; and the same may be said concerning the statement that plaintiff was liable to lose his other eye, because it is a matter of common knowledge that any person may lose either or both eyes, and the plaintiff's counsel had as much right to make that statement as part of his argument as he had to say that if the plaintiff lost his other eye he would be totally blind.

[6] We overrule appellant's contention that there was no testimony showing that the plaintiff's earning capacity had been impaired. His own testimony was sufficient to justify the jury in finding that there was such impairment.

[7] We also overrule the contention that the verdict of the jury is excessive.

[8] Appellant's eleventh and twelfth propositions present the only serious questions in the case. The contention is that the jury were guilty of misconduct because they discussed the fact that the plaintiff would have to pay attorney's fees, and because they first took a vote as to whether or not the plaintiff was entitled to recover, and, after deciding that question in his favor, they then took up the special issues submitted, and decided them. Upon the hearing of appellant's motion for a new trial, four of the jurors testified that the matter of the plaintiff's attorney's fee was discussed by some of the jurors, but they all stated that the discussion referred to was after the verdict had been agreed upon and written out, and while they were waiting for the sheriff. That testimony justified the trial court in finding that the question of attorney's fees did not influence the jury in reaching their verdict.

[9] The jurors referred to also testified that when the jury started to consider the case, they first agreed that the plaintiff was entitled to recover something, and then they took up the several special issues and decided how they should be answered. In many cases submitted upon special issues, it is probable that the jury understands which party will be entitled to a judgment after they have returned a verdict answering the special issues, and this case belongs in that class. It should also be borne in mind that jurors are not experts in a knowledge of the law, and therefore may consider it entirely proper, although a case is submitted upon special issues, when they go in the jury room to say that they believe that the plaintiff or the defendant ought to win the case. Such conduct, though not unnatural, may not be altogether proper, but we do not think it necessarily indicates that the jury have not fairly answered the special issues submitted. No doubt this was the view of the trial court, who saw the entire jury, and was therefore better prepared than we are to pass upon that question. And as pertinent to the matter under consideration, we quote as follows what was said by our Supreme Court in Railway Co. v. Gray, 105 Tex. 42, 143 S. W. 606:

"If the evidence taken by the trial judge left it reasonably doubtful as to the effect the statement had upon the amount of the verdict of the jury, we would feel inclined to exercise our authority and set it aside; but the judge who tried the case seems to have acted promptly and fairly in the investigation and we know that he could form safer conclusions from examining the jurors than this court can from the record. There is much in looking at the man who testifies."

All the questions presented in appellant's brief have been duly considered, and are decided against it; and, as no reversible error is shown, the judgment is affirmed.

Affirmed.

BLAIR, J., did not participate in the decision of this case because it was tried before him in the court below.