## BLUE DIAMOND MOTOR BUS CO. et al. v. HALE et ux.

### No. 9264.

Court of Civil Appeals of Texas. San Antonio.

Feb. 14, 1934.

Rehearing Denied March 14, 1934.

Templeton, Brooks, Napier & Brown, C. R. Kennon, and Harper McFarlane, all of San Antonio, for appellants.

Weber & Wolfe and Andrew M. Smith, all of San Antonio, for appellees.

MURRAY, Justice.

This action was brought in the district court of Bexar county, Tex., Thirty-Seventh judicial district, by the appellees, R. L. Hale and wife, Paulyne Hale, against the appellants, Blue Diamond Motor Bus Company and Bo Wilson, as well as Roy Carson, Julia Ford, a feme sole, and Julia Ford, as executrix of the estate of Frank Ford, deceased, the said Roy Carson, Julia Ford, a feme sole, Julia Ford, as executrix of the estate of Frank Ford, deceased, not having appealed from the judgment rendered in the trial court. The action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff R. L. Hale, and for personal injuries alleged to have been sustained by Paulyne Hale, the wife of R. L. Hale, as a result of a collision between an automobile operated by the appellee R. L. Hale and a motorbus owned by the Blue Diamond Motor Bus Company, and operated by the appellant Bo Wilson, said collision having occurred on the 9th day of January, 1930, on a public highway in the county of Burnet at a point approximately seven miles from Lampasas on the highway between Austin, Tex., and Lampasas, Tex.

After the close of all the testimony, the court submitted the cause to the jury upon special issues. A number of alleged separate acts of negligence were inquired about in said charge as well as a number of issues on contributory negligence. The jury found that the defendant's motorbus was being operated on the left-hand side of the highway immediately prior to the accident and that this was negligence which was the proximate cause of the collision and injuries, and the jury further found that $3,000 would compensate R. L. Hale for his injuries as the result of said collision and that $2,000 would compensate Mrs. R. L. Hale for her injuries received as a result of said accident, and that in addition the reasonable and necessary expense incurred by R. L. Hale as a result of the injuries sustained by plaintiffs amounted to $743.50.

Judgment was entered in favor of the plaintiffs on April 17, 1933, and thereafter the defendants filed a motion for new trial, which was considered and overruled on April 28, 1933. An appeal and supersedeas bond was filed by the defendants Blue Diamond Motor Bus Company and Bo Wilson on May 15, 1933. In their amended motion for new trial the defendants based assignments thirteen and fifteen on the ground of alleged misconduct of the jury, committed while deliberating on their verdict. All twelve jurors who sat in this case testified on

the hearing of the motion for new trial, and appellants contend that the court erred in refusing to grant the appellants a new trial on account of the misconduct of the jury alleged in said amended motion for a new trial.

█ The first act of misconduct complained of by appellants is the mention, or discussion by the jury, of the fact that the bus company was covered by insurance. The jury deliberated for twelve hours and it was shown by the testimony of the jurors that insurance was mentioned several times during their deliberations. It is further shown that each time insurance was mentioned (with the exception of one occasion hereinafter discussed), either the foreman or some other member of the jury would admonish the jury that insurance was not to be discussed nor considered by them. This casual mention of insurance, which was promptly rebuked, clearly does not present misconduct of the jury.

██ However, the testimony of the foreman, W. P. Rote, Jr., presents a more serious question. Rote testified on direct examination, as did the other jurors, that each time insurance was mentioned some one would speak up and say that insurance was not to be considered, but on cross-examination he testified as follows:

"One of the jurors said it was a shame to have a judgment hanging over that woman when she had not gotten anything. I said, that is not for us to discuss at all. * * * I said in all probability this thing is covered by insurance or something like that, and that was the end of our argument. I said as far as that woman is concerned the case probably is covered by insurance. I don't know."

It is clear that his testimony on cross-examination is inconsistent, if not contradictory of what he testified to on direct examination.

All of the jurors testified that their verdict was not influenced by the mention of insurance. The trial judge overruled the motion for a new trial, thereby resolving all questions of fact against appellants.

We conclude that the statement admitted by the foreman on cross-examination, under all the facts and the holding of the trial judge, was not such error as requires a reversal of this judgment.

The law requires bus companies to carry insurance. Section 13, art. 911b, Vernon's Ann. Civ. St. The members of the jury would be presumed to know the law. The mention of insurance would be telling them nothing more than they would be presumed to know. Before we would be justified in reversing this cause, we would have to be convinced that the trial judge abused his discretion in overruling the motion for a new trial. We are not so convinced. Carter-Mullaly Transfer Co. v. Bustos (Tex. Civ. App.) 187 S. W. 396; Green v. Enen (Tex. Civ. App.) 270 S. W. 929; De Leon v. Longoria et ux. (Tex. Civ. App.) 4 S.W.(2d) 222; Hansen v. Ponder et al. (Tex. Civ. App.) 23 S.W.(2d) 737; Stockwell v. Snyder et al. (Tex. Civ. App.) 51 S.W.(2d) 812; Schoenfeld v. De Puy (Tex. Civ. App.) 58 S.W.(2d) 574; Moncada v. Garcia (Tex. Civ. App.) 62 S.W.(2d) 215; Bradley v. Texas & P. Ry. Co. (Tex. Com. App.) 1 S.W.(2d) 861; Monkey Grip Rubber Co. v. Walton (Tex. Com. App.) 53 S.W.(2d) 770; Debes v. Greenstone (Tex. Civ. App.) 260 S. W. 211; Wolfe v. Ry. Co. (Tex. Civ. App.) 144 S. W. 347; Marshall Mill & Elevator Co. v. Scharnberg (Tex. Civ. App.) 190 S. W. 229; Galveston, H. & S. A. R. Co. v. Cook (Tex. Civ. App.) 214 S. W. 539; People's Ice Co. v. Glenn (Tex. Civ. App.) 8 S.W.(2d) 735; Russell v. Adams (Tex. Civ. App.) 18 S.W.(2d) 189; Texas Cities Gas Co. v. Ellis (Tex. Civ. App.) 63 S.W.(2d) 717.

Appellants rely upon the decision by the Commission of Appeals in the case of Moore v. Ivey, 277 S. W. 106. This case lays down the rule that where misconduct is once shown, and there is a reasonable doubt as to its effect, that doubt must be resolved against the verdict. However, in the present case the evidence is insufficient to show misconduct of such a nature that influence upon the verdict can be presumed or any reasonable doubt created.

There is no contention by appellants that the evidence is insufficient to support the findings of the jury. However, it is pointed out that the evidence is quite conflicting on the question of negligence. We think it would be going a long way to presume that the mention of insurance would cause the jury to find that appellant was guilty of negligence, or that such mention of insurance probably influenced the jury in finding the appellants guilty of negligence. Especially is this true in view of all the testimony offered on the motion for a new trial.

The first assignment is overruled.

█ Appellants next complain of a statement by one juror to his fellow jurors, that he had had an automobile accident in which his car skidded thirty or forty feet,

·on a dry pavement, after being struck by another car. This statement was made while the jury was discussing the probability of appellees' car skidding some sixty feet after the impact. The evidence disclosed that at the time of the collision appellees' car was ·descending the north slope of an ice covered hill and appellees testified that both cars ·skidded down said hill and across the road some sixty feet. We conclude that this statement by the juror did not constitute misconduct. A jury, in weighing the evidence in a case, are bound to use their common knowledge and their experiences in life. Experiences with automobiles are daily experiences and a jury called upon to pass upon the facts of a case involving an automobile accident are compelled to consider the evidence in the light of their own knowledge and experience with automobiles. Kuntz v. Spence (Tex. Civ. App.) 48 S.W.(2d) 413; Goode v. Ramey et al. (Tex. Civ. App.) 48 S. W.(2d) 719; Lancaster et al. v. Johnson (Tex. Civ. App.) 224 S. W. 207; McBride v. Hodges (Tex. Civ. App.) 200 S. W. 877; International & G. N. R. Co. v. Eckford, 71 Tex. 274, 8 S. W. 679; Merchants' Life Ins. Co. v. Clark (Tex. Civ. App.) 256 S. W. 969; Deyo v. Detroit Creamery Co., 257 Mich. 77, 241 N. W. 244; 64 C. J., Trial, par. 813, p. 1023, note 76; p. 1024, notes 78, 79, 80.

This assignment is overruled.

The judgment is affirmed.