**ST. LOUIS, B. & M. RY. CO. et al. v. ZAMORA et al.**

No. 10183.

Court of Civil Appeals of Texas. San Antonio.

Dec. 1, 1937.

Davenport & Ransome, of Brownsville, for appellants.

Gordon Griffin, of McAllen, for appellees.

MURRAY, Justice.

This was a damage suit brought by Antonia Zamora, a widow, surviving wife of Floridor Zamora, deceased, acting for herself and in behalf of her minor children, and joined by the father and mother of Floridor Zamora, deceased, against the St. Louis, Brownsville & Mexico Railway Company, and against Guy A. Thompson, trustee of said corporation, appointed by the United States District Court of the Eastern District of Missouri, to recover damages resulting from the death of Floridor Zamora, on February 8, 1935.

The cause was submitted to a jury on special issues, who found in response thereto as follows: That Joe Adams, a brakeman, pushed Zamora off the train; that this was negligence and a proximate cause of Zamora's death; that Joe Adams knocked Zamora off the train, which was negligence and the proximate cause of Zamora's death. The amount of recovery was as follows: Antonio Zamora, $4,000; Floridor Zamora, Jr., $4,000 in trust; Ramon Zamora, $500; Gertrudis Zamora, $500; making a total recovery of $9,000. Judgment was accordingly entered, and this appeal is by the railway company and Guy A. Thompson, trustee.

Appellant railway company contends that the trial court erred in not sustaining its plea in abatement, which was as follows:

"This defendant is now in the process of reorganization under the provisions of the Bankruptcy Laws of the United States of America as amended by Act of Congress March 3, 1933, and particularly under the provisions of Title 11, section 205, of the United States Code Annotated and was placed in the hands of its co-defendants L. W. Baldwin and Guy A. Thompson, as trustees, long prior to the date on which plaintiffs' cause of action is alleged to have arisen; and on each and all the dates alleged in plaintiffs' petition as being the dates on which their cause of action arose, this defendant had no connection with the operation of the lines of railroad described in plaintiffs' petition, nor could there be any possible right of recovery against this defendant under the allegations in plaintiffs' petition on the dates alleged therein.

"Wherefore, this defendant says that it is improperly joined as a party defendant herein, and prays the court that it be dismissed as a party defendant herein."

We are of the opinion that this plea in abatement should have been sustained, and the railway company dismissed from the lawsuit. The railway company being in the hands of Guy A. Thompson, trustee, at the time of Zamora's death, and also at the time of the trial of this case, it was not a proper party to the suit, and the court erred in overruling the plea in abatement and in rendering judgment against the railway company.

Appellant Guy A. Thompson first complains that the evidence does not show that Joe Adams, the brakeman, had authority, either expressed or implied, to eject trespassers from the train. We overrule this proposition, as the record shows there was evidence of such authority. This evidence will be pointed out later.

Appellant Thompson next contends that if there was any evidence of the authority of the brakeman, Joe Adams, to eject trespassers from the train that it at most only raised an issue of fact which should have been submitted to the jury. The evidence in this case shows that the deceased, Zamora, was riding on a passenger train between the lead baggage car and the tender. According to the testimony of alleged eyewitnesses, a negro dressed in a porter's uniform was seen to push, kick, or knock the

deceased off the train, while it was traveling at the rate of 35 or 40 miles per hour, between the towns of McAllen and Mission, Tex. G. W. Kaufman, the conductor on appellant's train, testified, in effect, that the brakeman had authority to eject trespassers from the train. A. R. Wilson, engineer on the train, and L. L. Barker, the fireman on the train, gave similar testimony. Joe Adams, the brakeman, was not questioned by either side as to his authority to eject trespassers from the train. There is no testimony in the record to the effect that the brakeman did not have such authority. It occurs to us that this testimony, being clear and undisputed, and coming from the employees of appellant, was sufficient to conclusively establish the authority of the brakeman, Adams, to eject trespassers from the train. It was therefore not error to fail to submit the question to the jury. The trial court had a right to consider this matter as being conclusively established by the evidence. Lamar v. Panhandle S. F. Ry. Co. (Tex.Com.App.) 248 S.W. 34, 37; Berryman v. Norfleet (Tex.Civ.App.) 41 S.W.2d 722, 726; Fidelity & Casualty Co. v. Branton (Tex.Civ.App.) 70 S.W.2d 780, 783; Traders' & General Ins. Co. v. Lincecum (Tex.Civ.App.) 81 S.W.2d 549, 550, reversed by the Supreme Court on other grounds in 107 S.W.2d 585; Safety Casualty Co. v. McGee (Tex.Civ.App.) 93 S.W. 2d 519, 524; Terrell-Wells Health Resort v. Severeid (Tex.Civ.App.) 95 S.W.2d 526, 528; Yates v. Home Bldg. & Loan Co. (Tex.Civ.App.) 103 S.W.2d 1081, 1085; Home Furniture Co. v. Hawkins (Tex.Civ. App.) 84 S.W.2d 830.

The fact that the brakeman discharged his duty with reference to ejecting trespassers from the train in an improper manner would not relieve his principal from liability. International & G. N. R. Co. v. Anderson, 82 Tex. 516, 17 S.W. 1039, 27 Am.St.Rep. 902.

Appellant Thompson's third, fourth, and sixth propositions are without merit and are accordingly overruled.

By his fifth proposition appellant Thompson contends that it was reversible error for the trial court to instruct the jury that they might take into consideration, in reaching their verdict in the case, "matters of common and general knowledge or human experience," that such charge is on the weight of evidence, is argumentative and is calculated to mislead the jury, beecause the jury is not presumed to know what in law would constitute matters of common and general knowledge. In support of this contention appellant cites the case of Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W. 2d 60, 62. In that case Judge Critz, then a member of Section A of the Commission of Appeals, had this to say:

"In view of the fact that this case must be retried, there is another matter that we deem it expedient to call attention to in order to guard against another reversal. In his instructions preliminary to the questions submitted, the trial court charged the jury as follows: 'You are further instructed that you must not obtain nor receive, and in arriving at your verdict and in your deliberations thereon, you must not discuss nor take into consideration, any evidence not introduced and admitted upon the trial, nor any matters other than the charges given you by the Court, the evidence introduced and admitted upon the trial, *and matters of common and general knowledge;* and you are especially instructed and warned that you must not discuss, refer to, nor take into consideration attorneys' fees in estimating damages, if any.' (Italics ours.)

"It will be noted that this charge directly and affirmatively told the jury that in addition to the evidence they might consider matters outside the evidence 'of common and general knowledge.' We think this portion of the charge was error. It was on the weight of the evidence, was argumentative, and calculated to mislead the jury because they were not presumed to know what in law constituted 'common and general knowledge.'"

It occurs to us that this definitely settles the exact question here presented and that we have no choice but to sustain appellants' contention.

Appellee cites many cases holding, in effect, that a jury may consider matters of common knowledge in weighing the evidence in a case. Among these authorities are: International & G. N. R. Co. v. Eckford, 71 Tex. 274, 8 S.W. 679; McBride v. Hodges (Tex.Civ.App.) 200 S.W. 877; Williams v. Chew (Tex.Civ.App.) 19 S.W. 2d 68; Lancaster v. Johnston (Tex.Civ. App.) 224 S.W. 207; Merchants' Life Insurance Co. v. Clark (Tex.Civ.App.) 256 S.W. 969, 973; English v. Miller (Tex.Civ. App.) 43 S.W.2d 642; Dallas Railway & Terminal Co. v. Travis (Tex.Civ.App.) 46 S.W.2d 743, 744; Goode v. Ramey (Tex. Civ.App.) 48 S.W.2d 719.

However, appellee has not cited us to a single case where it has been held proper for a court in a case submitted on special issues to give a charge such as the one here complained of by appellants.

The judgment is reversed and the cause remanded.