## YELLOW CAB CO. OF GALVESTON v. WORD.

### No. 10722.

Court of Civil Appeals of Texas. Galveston.

March 2, 1939.

Louis J. Dibrell, of Galveston, for appellant.

Ressel & Ressel, of Galveston, for appellee.

GRAVES, Justice.

This appeal is from a $1500 judgment in appellee's favor against appellant entered by the 56th district court of Galveston County upon a jury's verdict in response to special issues, wherein it was found that one of appellant's cabs had negligently damaged the appellee in that sum in a collision with the motorcycle in which he was being driven on S road and Thirty-Fifth Street. Appellant's sole contention on this appeal is that there was misconduct of the jury while deliberating over and prior to having agreed upon its verdict, as charged in its motion for new trial, in two respects: First, in having improperly discussed whether or not appellant carried or was protected by insurance; second, in having, at the beginning of their deliberation and before answering the issues of fact submitted to them by the Court, agreed among themselves that they would give the appellee a favorable verdict, and then so framed their answers to the special issues as to carry out that intention and agreement rather than solely from a consideration of the evidence.

Ten of the jurors who sat at the trial having appeared for examination in re-

sponse to its order, the learned trial court, after a very thorough and full hearing of all the evidence pro and con either party had to offer on these charges, overruled appellant's motion for a new trial because thereof, stating his material findings and conclusions in this decree:

"And after due consideration of the testimony given by said jurors, the court is of the opinion, and so finds, that none of the matters and things alleged in said motion as constituting misconduct on the jury's part actually occurred; and in connection with this finding, the court specifically finds as follows:

"(a) That the juror C. A. Bauman did not state directly or in effect that the issues should be found in favor of the plaintiff because the Yellow Cab Company, defendant, had insurance, and it would not cost them anything for a verdict to be rendered against them; nor did he state that he knew such facts because he worked for a transportation company, and knew that the rules and regulations required them to carry insurance for protection. I do find, however, that said juror Bauman asked the question in the jury-room, 'does the Yellow Cab Company carry insurance', to which question the juror E. F. Pohl replied, in effect, 'that he thought they did not carry insurance, but carried their own risk.' That this question and answer were merely casual remarks between the two jurors mentioned, and when uttered, the juror J. J. Stirling admonished said jurors that such matter was not a proper subject of discussion, and the matter was dropped and not again referred to.

"With reference to the allegation of said amended motion concerning the jury's discussion relative to the issues on contributory negligence, I find that some of the jurors knew the legal effect of an affirmative answer to any of the issues on contributory negligence, and that it was mentioned in the jury-room that if the plaintiff was found guilty of contributory negligence he could not recover; but I find no evidence that the jury or any member thereof agreed to or answered the issue on contributory negligence in the negative by reason of said knowledge or said mention, but on the contrary, I find that all issues on contributory negligence were carefully read and argued in the jury-room and were answered by the jury and each member thereof from the evidence and as a result

of being of the opinion that the evidence showed plaintiff to have been free from contributory negligence."

██ It has not been made to appear here that such action in any respect was violative of a sound judicial discretion. These quoted findings on the two determinative issues raised are clearly those of fact rather than an attempt to exercise a discretion as to the law, as appellant alleges, and since they were arrived at on sufficient evidence, they are binding upon this Court just as if they had been jury findings upon like support in the evidence. Houston & T. C. Railway v. Gray, 105 Tex. 42, 143 S.W. 606; 46 Corpus Juris, p. 150, par. 10; International-G. N. Ry. Co. v. Hawthorne, Tex.Com.App., 116 S.W.2d 1056, 1059; Batey v. Greenwood Floral Co., Tex.Civ.App., 113 S.W.2d 647; Waggoman v. Fort Worth Well Mach. & Supply Co., 124 Tex. 325, 76 S.W.2d 1005; State Teachers' Mutual Life Ins. Co. v. Mims, Tex.Civ.App., 74 S.W.2d 549, 551, error refused; 31 Texas Jurisprudence, pp. 57 and 166; Traders & Gen. Ins. Co. v. Lincecum, 130 Tex. 220, 107 S.W.2d 585; Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; Dallas v. Horton, Tex.Civ.App., 119 S.W.2d 122, writ of error dismissed; Younger Bros. v. Power, Tex.Civ.App., 118 S.W.2d 954, 957, writ of error dismissed.

The Cab Company's position is thought to be thus admirably summarized by its able counsel, under the citation of the leading authorities in Texas where such misconduct, as is claimed in this instance, has been in fact established:

"In such order the Court specifically found that the matter of insurance had been mentioned by at least some of the jurors during their deliberations and before arriving at their answers, and that the jurors so mentioning the subject had been admonished by another juror that such matter was not a proper subject for discussion. On the question of whether or not consideration was given by the jury to the effect their answers to the issues of contributory negligence would have on their verdict and their preconceived intention and desire to find for appellee, the Court finds:

"'I find that some of the jurors knew the legal effect of an affirmative answer to any of the issues on contributory negligence, and that it was mentioned in the

jury room that if the plaintiff was found guilty of contributory negligence he could not recover.'

"After making the above findings, the Court goes on to say that such acts and happenings did not constitute misconduct. In other words, after having found that misconduct actually occurred, he went further and exercised a discretion which he did not have, to say that such misconduct had not affected the verdict."

 The vice in this argument, however, as indicated supra, lies in its unjustified assumption that actual misconduct was found to have existed, whereas, on the contrary, the trial Judge finds that neither of the elements as alleged to have constituted the claimed misconduct in fact existed at all; there is no doubt—in the opinion of this court—that the evidence fully sustains this finding as a matter of fact that neither of the matters and things upon which the alleged misconduct was predicated had occurred; wherefore, a wholly different line of authorities rules this cause to-wit: 41 Texas Jurisprudence, p. 855; Blue Diamond Motor Bus Co. v. Hale, Tex.Civ. App., 69 S.W.2d 228, 229, writ of error dismissed, Russell v. Adams, Tex.Civ.App., 18 S.W.2d 189; 31 Texas Jurisprudence, par. 47, page 56; 46 Corpus Juris, footnote on page 150; Davis v. Christmas, Tex.Civ. App., 248 S.W. 126, at page 128; Waggoman v. Fort Worth Well Mach. & Supply Co., 124 Tex. 325, 76 S.W.2d 1005.

As these last cited authorities make plainly manifest, the matter of whether or not such misconduct occurred is not only a question of fact, but the trial court —in appraising the testimony—is under the duty of giving it the most favorable construction of which it was reasonably susceptible; when those two rules are applied to this able and experienced trial Judge's quoted findings, there seems no doubt remaining that he was within his exclusive province in determining that—as a matter of actual fact—no such misconduct as was alleged here occurred; a litigant cannot be parsed out of court merely because of the casual mention of insurance, or of a favorable attitude toward one of the parties in the case, as has been expressly declared in 41 Texas Jurisprudence, page 855; the Blue Diamond Motor Bus v. Hale, Tex. Civ.App., 69 S.W.2d 228, 229, writ of error dismissed; Russell v. Adams, Tex.Civ.App., 18 S.W.2d 189; and by our Supreme Court in Waggoman v. Fort Worth Well Mach.

& Supply Co., 124 Tex. 325, 76 S.W.2d 1005; in other words, under these holdings and the facts here so found, this case is a far cry from such causes as Bradshaw v. Abrams, Tex.Com.App., 24 S.W.2d 372, upon which this appellant strongly relies.

Since these conclusions determine the merits of this appeal, further discussion is deemed unnecessary; they require that an affirmance be entered. It will be so ordered.

Affirmed.