### T. W. BARNES V. DALLAS CONSOLIDATED ELECTRIC STREET RAILWAY COMPANY.

#### No. 2048.   Decided May 18, 1910.

**1.—Passenger—Contributory Negligence—Alighting from Moving Car—Charge.**

An instruction that plaintiff, suing for injuries received in getting off defendant's car, was precluded from recovery if she attempted to alight while the car was in motion and was negligent in so doing, was a sufficient presentation of a defense based on her contributory negligence in stepping off not with the motion of the car but with her back to the point toward which it was moving. (Pp. 389, 390.)

**2.—Same—Requested Instruction.**

A requested charge that, if plaintiff in alighting "did not follow the motion" of the car but stepped therefrom in a negligent manner and a person of ordinary prudence would not have so acted, this would constitute contributory negligence, assumed that such act was negligence unless a person of ordinary prudence would have so acted, or was at least ambiguous and subject to such construction.   (P. 390.)

**3.—Same.**

A party submitting a special charge to make clearer one given by the court, should so express his proposition that the jury may not be misled thereby. (P. 390.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Barnes sued the Street Railway Company and had judgment which was reversed and remanded on defendant's appeal. Appellee obtained writ of error, jurisdiction attaching on the ground of a dissenting opinion having been filed in the Appellate Court.

*Marcus M. Parks,* for plaintiff in error.—The charge was not upon the weight of the evidence, and it did not assume that any fact did or did not exist, and the charge was an affirmative presentation of the plaintiff's side of the case, grouping the facts which, if found in favor of the plaintiff, would, as a matter of law, entitle the plaintiff to a verdict. Missouri Pac. Ry. Co. v. Lehmberg, 75 Texas, 66; Galveston H. & S. A. Ry. Co. v. Waldo, 32 S. W., 783; Houston E. & W. T. Ry. Co. v. Summers, 49 S. W., 1107, Texas & Pacific Ry. Co. v. Hardin, 62 Texas, 374; Sherman S. & S. Ry. Co. v. Bell, 58 S. W., 147. As a matter of law or fact it is not negligence to arise from seat while car is in motion. 3 Thompson's Neg., sec. 3591; Clark on Accident Law, p. 157.

It is proper to group the facts which, if found by the jury to exist, would entitle parties to sustain their plea, leaving it to the jury to say whether or not the facts exist, and that is all the portion

of the charge complained of did.  Newman v. Dodson, 61 Texas, 91; Anderson v. Martindale, 61 Texas, 188; Texas & P. Ry. Co. v. Wright, 62 Texas, 515; Texas Central Ry. v. Burnett, 80 Texas, 536; Ruby v. Van Valkenberg, 72 Texas, 459, 10 S. W., 514.

*Baker, Botts, Parker & Garwood,* and *Spence, Knight, Baker & Harris,* for defendant in error.—The jury might have believed that Mrs. Barnes arose from her seat after the car had slowed for passen-·gers to alight and proceeded to the edge of the car or to running board thereof, and that while she was thus standing the car was ·put in quick and sudden motion, and that such conduct on the defendant's part was negligence; yet, they might also have found that the act of plaintiff's wife in leaving her seat in a place of safety and proceeding to the edge of the car and to the running board thereof was negligence upon her part, and that such negligence contributed to the injury sustained by her; yet notwithstanding they might have so found and believed, the court's charge would not have warranted them in finding for the defendant, but under such charge they were compelled to return their verdict for the plaintiff.  Baker v. Ashe, 80 Texas, 361; Edwards v. Dickson, 66 Texas, 615; Snyder v. Morris, 14 Texas Civ. App., 641; Gonzales v. Adoue, 94 Texas, 125; Missouri, K. & T. Ry. Co. v. Mills, 27 Texas Civ. App., 245; International & G. N. Ry. Co. v. Lehman, 66 S. W., 215; Burnett v. Limbach, 39 S. W., 1015; International & G. N. Ry. Co. v. Welch, 86' Texas, 203; Fordyce v. Yarborough, 1 Texas Civ. App., 260; St. Louis S. W. Ry. Co. v. Samuels, 2 Texas Civ. App., 68.

Mr. Justice Brown delivered the opinion of the court.

T. W. Barnes instituted suit in the District Court of Dallas County against the railway company to recover damages occasioned to his wife under the following state of facts which were proved by the evidence of several witnesses:  Mrs. Barnes was a passenger on a car of the defendant company in the city of Dallas, intending to depart from it at the interurban station, and as the car approached the station the conductor rang the bell for a stop and Mrs. Barnes and other passengers arose to their feet preparatory to leaving the car.  After the car had stopped, or when it was moving so slowly that she said she did not know it was moving, while Mrs. Barnes was standing in the car, the motorman turned on the power and caused the car to move with great violence so that it threw her out of the car into the street on her head, inflicting upon her serious injuries.

The company pleaded contributory negligence and in support of the plea proved these facts:  That as the car approached the place for stopping, but while it was yet in motion, Mrs. Barnes left the car and was standing on the running board and while the car was in motion stepped from the running board with her back in the direction in which the car was going, or, as testified to by other witnesses, she stepped straight out from the car and was thrown to the ground.  This testimony of the defense raised the issue that she did not observe the motion of the car, by stepping in the same

direction that the car was moving, which the company claimed constituted contributory negligence and exonerated it from liability.

The trial court submitted to the jury upon the question of contributory negligence the following charge:

"You are further instructed, that it was the duty of Mrs. Barnes on the occasion of this accident to use ordinary care for her own safety, that is, such degree of care as any ordinary prudent person would have used under similar circumstances; and that if you find and believe from the evidence that the plaintiff's wife did not on the occasion of said accident use that degree of care for her own safety, then she was guilty of negligence. If you find and believe from the evidence that Mrs. Barnes left a place of safety in said car while same was in motion and proceeded to the edge of said car and to the running board thereof while the car was in motion or that she attempted to alight from one of defendant's cars while the same was in motion and before it had stopped for passengers to alight therefrom, and if you further find that plaintiff's wife was negligent according to the rule of negligence laid down in this charge in all or either of said respects and if you further find that such negligence, if any, on the part of plaintiff's wife was the proximate cause of the accident to her, then you will return a verdict for the defendant."

The defendant requested the court to give the following charge on the subject of contributory negligence, which was refused:

"You are instructed that if you should find and believe from the evidence that plaintiff herein attempted to alight from one of the defendant's cars while the same was moving, and that in alighting therefrom she did not follow the motion of the car, but stepped therefrom in a negligent manner, and that a person of ordinary care would not have so acted under the same or similar circumstances, then this would constitute contributory negligence on the part of plaintiff, and you will return your verdict for the defendant; and this regardless of whether you find the defendant was in any manner negligent, and regardless of your finding upon any other issue herein."

The jury returned a verdict in favor of the plaintiff and upon appeal to the Court of Civil Appeals of the Fifth District a majority of the court held that it was error for the trial court to refuse the special charge and reversed and remanded the case. Justice Bookhout dissented from this decision and upon that dissent the case is before this court.

If the jury followed the instruction given by the court in the charge above quoted and we must presume that they did, they must have believed that Mrs. Barnes did not alight from the car while it was in motion, or if she did step off the car with her back to the direction in which the car was moving, or if she alighted from the car while in motion, stepping straight out at right angles from the direction in which it was moving, or if she otherwise failed to "follow the motion of the car," still she was not guilty of contributory negligence, for the reason that a person of ordinary prudence under the same or similar circumstances would have done as she did. The charge given by the court predicated contributory negligence on Mrs.

Barnes' part upon the one fact that she alighted from the car while in motion, which embraced all of the facts grouped in the special charge and more. It therefore can not be said that the charge given did not submit to the jury all of the issues raised by the evidence.

It is true that the defendant had the right to have the facts which constituted its defense grouped and presented to the jury by a request made to the court in proper form, fairly presenting the issues raised by the evidence. Keeping in view the character of the charge given by the court, we will examine the special charge requested to determine whether it was so framed as to require the court to give it.

The effect of the charge was to tell the jury that if Mrs. Barnes stepped off the car while moving, not following its motion, she was guilty of negligence, unless the evidence showed that a person of ordinary prudence would have done so. A correct charge on the subject would have submitted to the jury the issue whether she did the act, and, if so, was she negligent in so doing, prescribing the test of negligence that an ordinarily prudent person would not have so acted.

To sustain its plea of contributory negligence the burden was on the defendant to prove by a preponderance of the evidence, not only the fact that Mrs. Barnes stepped off the car in motion, but it must appear from the evidence that a person of ordinary prudence would not have so acted. The rejected charge reversed the rule and virtually required that evidence should show that a person of ordinary prudence would have so acted in order to acquit Mrs. Barnes of the charge of contributory negligence.

The best that can be said for the special charge is that it is ambiguous and might have been construed as claimed by the defendant in error, but its very ambiguity condemns it when presented to a court for submission to the jury. If by submitting a special charge a party seeks to make clearer the charge which is given by the court, it is incumbent upon him to so express his proposition that the jury may not be misled thereby. We are of opinion that the trial court did not commit error in refusing to give the special instruction.

We have carefully examined all of the assignments of error presented in the Court of Civil Appeals and find no reversible error in the rulings and decisions of the trial court. It is therefore ordered that the judgment of the Court of Civil Appeals, reversing the judgment of the trial court and remanding this cause, be reversed and that the judgment of the District Court be affirmed.

*Reversed and judgment of District Court affirmed.*