## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. ADDIS. †

(Court of Civil Appeals of Texas. Texarkana. Dec. 23, 1911. Rehearing Denied Jan. 11, 1912.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—REFUSAL OF INSTRUCTIONS.

An assignment of error complaining of the refusal to properly instruct on an issue raised in a special charge will not be considered where appellant does not in the statement or argument inform the appellate court whether or not the issue thus raised has been presented in the general or in a special charge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. TRIAL (§ 256*)—INSTRUCTIONS—REQUESTS—NECESSITY.

Where the court in portions of its charge covers in a general way issues raised by the pleadings, of which there is evidence, it need not be more specific in grouping the facts bearing on an issue, unless requested by a special charge correct in form, and applicable to the case.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

3. TRIAL (§ 256*)—INSTRUCTIONS—REQUESTS—NECESSITY.

Where, in an action for injuries to a passenger while alighting, the negligence of a third person was not specially pleaded, and the testimony as to the acts of the third person was admissible only under the general issue as to liability, and such issue was presented in a general way in the main charge, the failure to do more was not affirmative error, in the absence of any requested instructions thereon.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

4. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS.

Where, in an action for injuries to a passenger while alighting, the court, at the request of the carrier, charged that, if the train stopped at the station a reasonably sufficient length of time for the passenger to alight in safety in the exercise of ordinary diligence, and she failed to do so, and attempted to alight after the train started, the carrier was not liable, the refusal to give other charges requested by the carrier on the subject of contributory negligence, on the termination of the relation of carrier and passenger, and the duty of the carrier after such termination, was not erroneous under the rule that, where a party requests more than one special charge covering an issue and the court gives one general in its terms, the party cannot complain because of the refusal to give another which is more specific.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

5. CARRIERS (§ 318*)—INJURIES TO PASSENGERS—FAILURE TO ASSIST PASSENGER TO ALIGHT—EVIDENCE.

In an action for injuries to a passenger while alighting, evidence *held* to authorize a finding that the conductor saw, or might have seen, the passenger while attempting to alight, and that she required assistance in alighting because of her physical condition.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 318.*]

6. TRIAL (§ 234*)—INSTRUCTIONS—MISLEADING INSTRUCTION.

A charge in an action for injuries to a passenger while alighting that the burden was on the passenger to establish his case, but, where the burden has been met, the carrier, to

---

defeat a recovery, must show by preponderance of the evidence that the passenger was guilty of some one or more of the acts pleaded by it, and that such acts were negligent and contributed to the injury, etc., is not objectionable as misleading in causing the jury to believe that they must not consider the evidence of the passenger's witnesses on the issue of her negligence.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 234.*]

**7. TRIAL (§ 233*)—INSTRUCTIONS—REFERENCE TO PLEADINGS.**

Where, in an action against a carrier for injuries to a passenger while alighting, contributory negligence was the only defense pleaded beyond a general denial, a charge that the burden was on the carrier to show that the passenger was guilty of one or more of the acts pleaded by it was not objectionable, because referring the jury to the pleadings to ascertain the issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 527–530; Dec. Dig. § 233.*]

**8. CARRIERS (§ 344*)—INJURIES TO PASSENGERS—BURDEN OF PROOF.**

A carrier alleging that a passenger suing for personal injuries received while attempting to alight from a train at her station was guilty of contributory negligence has the burden of proving the defense.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1399; Dec. Dig. § 344.*]

Appeal from District Court, Cherokee County; James I. Perkins, Judge.

Action by W. J. Addis against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Marsh & McIlwaine, E. B. Perkins, and Daniel Upthegrove, for appellant. Norman & Shook, for appellee.

HODGES, J. The appellee sued the appellant railway company to recover damages for injuries received by his wife in alighting from its train at the depot at Rusk. The petition alleges that the plaintiff's wife was aged, infirm, and lame, and was inexperienced in traveling on railway trains; that when the appellant's train upon which she was a passenger stopped at Rusk, the place of her destination, she arose and attempted to leave the car, and in doing so exercised reasonable and proper care and diligence, but that, before she could alight, the servants in charge of the train negligently started it forward, placing her in a position of peril, and causing her to fall as she alighted therefrom. There are numerous specific acts of negligence alleged in the petition. The court, however, submitted only two—the failure to stop the train a sufficient length of time to enable the plaintiff's wife to alight in safety, and the failure of the appellant's servants to assist her in alighting therefrom. The appellant pleaded a general demurrer, special exceptions, and a general denial, and specially alleged substantially as follows: (1) That if Mrs. Addis was injured, as alleged, it was not caused by any negligence on the part of the defendant, but was the direct and proximate result of her own negligence in failing to leave the train with reasonable dispatch after it arrived at her destination, and her negligence in getting off at the time and under the circumstances she did. (2) That, upon the arrival of the train at Rusk, it remained standing a reasonably sufficient length of time to enable Mrs. Addis to alight in safety; that both plaintiff and his wife knew of her condition, but this was unknown to the defendant and its employés; that Mrs. Addis carelessly and negligently failed to alight, but remained upon the train an unusual length of time after it reached the station; that, after the train had remained standing a reasonably sufficient length of time to enable all passengers to get off and on, defendant's servants set the train in motion; that after the train was started Mrs. Addis negligently attempted to alight, and was injured by reason of her own careless act. A trial before a jury resulted in a verdict against the appellant for the sum of $6,047.

The testimony shows that Mrs. Addis and her daughter, a young lady, were traveling together; that they took passage on appellant's train at Tyler, Tex., and occupied seats near the rear end of the coach. The conductor came around during the journey and took up their tickets. Mrs. Addis was about 65 years of age, and had been previously afflicted with some spinal trouble, which caused her to use a stick in walking and in going up and down steps. When the train upon which these parties were riding arrived at the depot at Rusk, the plaintiff was on the platform to meet them. He and his daughter took several articles of baggage out through the rear door of the coach, and Mrs. Addis, with some wraps and one or two other small articles, started to the front door for the purpose of getting off. Before she alighted, the train was started in motion. Mrs. Addis testified that, when the train arrived at Rusk, her daughter got up and prepared to get off before the train stopped; that, when the train did stop, she, Mrs. Addis, immediately arose and started to the front of the car in order that she might be assisted by the conductor in getting off; that she walked through the front door and onto the platform of the car, and just turned her head out towards her home, which was on the opposite side of the train from that on which the passengers were alighting, and then began to descend the steps; that, when she got on the second step, the car moved, and right on the impulse of the moment she concluded to hurry and get off, and proceeded to do so as quickly as she could; that when she fell she was rendered unconscious for a little while, she did not know whether or not any one touched her. There was also testimony offered by the appellee tending to show that the train upon that occa-

---

sion remained standing at the depot less than a minute, and was then set in motion for the purpose of being placed upon the side track, so that another train going in the opposite direction might pass. Appellant offered testimony to show that the train stood at the depot' as much as five minutes and long enough to enable all passengers who desired to get off and on to do so, and was then set in motion for the purpose of placing it upon the side track. There was also evidence tending to show that Mrs. Addis delayed a little when she reached the front platform in looking out towards her home. Appellant further offered testimony which tended to show that after the train started, and while Mrs. Addis was still on the step of the car, her daughter, seeing her mother's situation, ran up to her, took her by the arm, and either pulled her off or caused her to step off.

Inasmuch as most of the errors assigned in appellant's brief complain of the charge given by the court and the refusal of the court to give special requested instructions, it is perhaps proper to quote some portions of the court's charge. Omitting the formal part and other portions not necessary to be considered in this connection, the court instructed the jury as follows:

"(1) Whether or not the failure of the parties in charge of said train to assist plaintiff's wife to get off of said train constituted negligence on the part of defendant is a question of fact to be determined by you under the circumstances in evidence, taking into consideration the failure on her part to ask for such assistance.

"(2) If you find from the evidence that, when the train on which plaintiff's wife was riding reached Rusk, she used reasonable diligence, situated and circumstanced as she was, to get off said train, and if said train did not stop at Rusk long enough for her to have alighted therefrom in safety, and if while she was endeavoring to get off of said train it was started, and if by reason thereof, or if by reason of the negligence of the parties operating the train in failing to assist her to get off—if you find that such failure was negligence—she was caused to fall and be injured without negligence on her part, then you will find for plaintiff.

"(3) Unless you find from the evidence that the plaintiff's wife was injured by falling while attempting to alight from said train and that such fall was caused by the negligence of the defendant's employés in charge of said train, you will find for defendant. If her injury, if she was injured, was produced by any other cause than by falling while attempting to get off said train, you will find for defendant.

"(4) If you find that said train did not stop long enough at Rusk to enable plaintiff's wife in her condition and circumstances to get off in safety, and if, when she was trying to get off the train started, and if while it was moving she undertook to get off and was injured, and if in so trying to get off a moving train she was herself guilty of want of ordinary care as defined to you hereinafter, then you will find for the defendant.

"(5) It was the duty of plaintiff's wife to exercise 'ordinary care' for her own safety. 'Ordinary care' means such care as an ordinarily prudent and careful person similarly situated and circumstanced as plaintiff's wife was would have exercised, and a failure to exercise such care would be 'negligence' on her part.

"(6) If you find from the evidence that plaintiff's wife in attempting to get off said train failed to exercise 'ordinary care' for her own safety and thereby contributed to her fall, or if she was guilty of negligence (that is, if she failed to exercise ordinary care) while attempting to get off said train while it was in motion, if she did so under circumstances surrounding her and if she thereby caused or contributed to her fall, then you will find for the defendant, even though you should find that the defendant was guilty of any or all the negligence charged against it.

"(7) If the train was stopped a reasonably sufficient length of time to enable plaintiff's wife to have alighted before it started, and she negligently failed to do so, and the conductor, not knowing and having no reason to believe that she was in the act of getting off, caused the train to start, and she was injured, plaintiff would not be entitled to recover.

"(8) Although you may believe from the evidence that plaintiff's wife jumped or stepped from the train in question after it was in motion, whereby she received the injury complained of, yet if you further believe from the evidence that she had used ordinary care and reasonable dispatch under the circumstances to alight from said train before it started, and that while the plaintiff's wife was descending the steps of said train the same was suddenly, carelessly, and without warning to her set in motion by defendant, and that the starting of the train under the circumstances was negligence, and that the plaintiff's wife was thereby placed in a perilous position, then it is for you to determine from the evidence whether the plaintiff's wife acted in jumping or stepping from the train as a reasonably prudent person would have done under like circumstances; and if you believe from the evidence that under the surrounding circumstances the plaintiff's wife was not guilty of negligence in so doing, but acted as a reasonably prudent person would have done under like circumstances, then the fact of her so stepping or jumping from said train while the same was in motion will not prevent the plaintiff from recovering in this case."

In addition to this the court gave the following special instructions at the instance of the defendant:

"No. 2. You are charged that, although you may believe from the evidence that the train was set in motion before a reasonable opportunity had been afforded to plaintiff's wife to leave the train in safety while it was standing at the depot, yet if you also believe from the evidence that plaintiff's wife knew or in the exercise of ordinary care and caution could have known that the train upon which she was a passenger would, before leaving the station, be backed upon a siding to await the arrival of the north-bound train, and that the plaintiff's wife knowing, if you find she did know, the fact to be as above stated, attempted to get off of the train while it was in motion, and was thereby injured, and that an ordinarily prudent person so knowing would not have attempted to leave the train under similar circumstances, then it will be your duty to return a verdict for the defendant.

"No. 3. You are charged that if you believe from the evidence that the employés of the defendant in operating the train upon which the plaintiff's wife was a passenger stopped the train at the depot at Rusk a sufficient length of time for passengers to get off in safety, and that plaintiff's wife failed to do so without the fault of the employés in charge of the train, and that the conductor did not know and had no reason to believe that plaintiff's wife was still on the train in the act of getting off, and gave the signal for the train to start, and that after the train started plaintiff's wife attempted to get off of the train while it was in motion and was thereby injured, then plaintiff cannot recover, and it will be your duty to return a verdict for the defendant.

"No. 4. You are charged at the defendant's request that if you believe from the evidence in this case that the train was stopped a reasonably sufficient length of time at Rusk for passengers to get off, and plaintiff's wife failed to do so, without the fault of defendant's servants in charge of said train, and if you further believe that the conductor did not know and had no reason to believe that plaintiff's wife was still on the train in the act of getting off, and gave the signal for the train to start, and that, after the train started, she stepped off or jumped off of the train while it was in motion, and was injured, then you are charged that plaintiff cannot recover, and, if you so find, you will return a verdict for the defendant.

"No. 5. You are charged at defendant's request that if you believe from the evidence that the train upon which plaintiff's wife was a passenger stopped at Rusk a reasonably sufficient length of time for her to leave the same safely in the exercise of ordinary diligence, and she failed to do so and attempted to get off of said train after the same had been put in motion, and was injured, you will return a verdict for the defendant."

[1] The first assignment of error complains of the refusal of the court to "properly instruct the jury upon the issue raised in defendant's special charge No. 17, which is as follows: 'You are charged at defendant's request that, although you may believe from the evidence that defendant was negligent in failing to stop its train a reasonable length of time for its passengers to debark, yet if plaintiff's wife sustained no injuries by reason of that negligence, but did receive injuries by being helped or pulled from the car by a third person after the train had started to move, and the act of said third person in helping or pulling plaintiff's wife off the moving train was not such an act as might reasonably have been anticipated under ordinary circumstances from defendant's negligent act as a natural and probable result thereof, then the act of such third person was an independent cause of the injury, and plaintiff cannot recover.'" The proposition is that if there is an intervening cause which becomes the proximate cause of the injury sustained, and the circumstances were such that this cause could not have been reasonably anticipated or foreseen by the appellant, there would be no liability. Without reference to the correctness of the legal proposition stated, the appellant does not in the statement, or the argument, following this assignment, inform us whether or not the issue thus raised had been presented to the jury in the general charge of the court, or in some special instruction. It will be observed that the assignment does not complain of the refusal to give this particular charge, but of the failure to "properly present" the issue raised. For aught that appears to the contrary in the brief and in the statement or the argument following the assignment, this may have been done. We are not required to search the record to ascertain that fact, in order to consider the objection made.

[2] When the court in other portions of the instructions covers in a general way the issues made by the pleadings, of which there is sufficient evidence, he is not required to be more specific in grouping the facts bearing upon an issue, unless requested by a special charge correct in form and applicable to the case.

[3] The negligence of a third party had not been specifically pleaded by the appellant, and testimony relative to such an act was admissible only under the general issue as to liability. This issue had been presented in a general way in the main charge of the court, and the failure to do more was not an affirmative error.

[4] The second assignment complains of the failure of the court "to properly instruct the jury upon the issue raised in defendant's special charge No. 13." The charge referred to sought to have the jury instructed when

and under what circumstances the relation of carrier and passenger would cease, and what would be the duty of the railroad company thereafter. This assignment is subject to the same objection urged against the first. There certainly would be no occasion for giving this charge, or one like it, in view of the special charge No. 5 given at the request of the appellant. This latter charge made the liability of the appellant depend exclusively upon whether or not its employés stopped the train at Rusk a reasonably sufficient length of time for the appellee's wife to get off, and, further, told them that, if she attempted to get off after the train was put in motion, to find for the defendant. This in effect instructed the jury that Mrs. Addis was guilty of contributory negligence as a matter of law if she attempted to leave the train after it began to move. The giving of this special charge also precludes any tenable objection to the refusal of the court to give appellant's special charges Nos. 1, 6, 7, 8, and 18. Where a party requests more than one special charge covering the same issue and the court gives one general in its terms, he cannot thereafter complain at the refusal of the court to give another which is more specific. St. L. S. W. Ry. Co. v. Haney, 94 S. W. 386.

[5] The eighth and ninth assignments object to those portions of the main charge hereinbefore quoted as subdivisions 1 and 2. It is claimed that the evidence failed to show that appellant's servants in charge of the train knew of Mrs. Addis' condition, or that she desired or required assistance in getting off the train. This contention is not supported by the record. Some of the appellant's witnesses testified that as Mrs. Addis approached the front platform she carried her stick, and appeared to be feeble. H. Mendenhall, who was a witness for the appellee, testified that he was on the platform outside, and saw Mrs. Addis walking along the aisle of the car towards the front door; that, when he first noticed her, she was within about 10 feet of the door. He further testified: "The conductor certainly could have seen Mrs. Addis if he had looked. I saw her, and I was not in a bit better position to see her than he was, because he was standing with his face to the train and could have seen through the windows." The same witness again says: "Yes; the conductor, when the train arrived at Rusk on the evening in question, placed his step box, or stool, on the platform where passengers get off the train, but he put it upon the platform before Mrs. Addis got to the door. He did not put the box on the platform to help people off, but he put it on the ground for that purpose, but had put it back on the platform before Mrs. Addis got to the platform and while she was near the front door of the car." This testimony, taken in connection with the duties usually performed in aiding feeble passengers to get off trains, and the vigilance usually employed, and which a jury might properly find should be exercised, in ascertaining when all passengers have gotten off, would be sufficient to warrant the jury in concluding that the conductor saw Mrs. Addis, or might have seen her while she was going towards the door and the front platform.

[6] It is claimed that the court erred in his charge on the burden of proof. The extract in the appellant's brief does not give this portion of the charge in full. After charging that the burden was on the plaintiff to make out his case, the court said: "But, if plaintiff has met this burden, then to defeat a recovery by plaintiff a similar burden is on the defendant to show by a preponderance of the evidence that plaintiff or his wife was guilty of some one or more of the acts pleaded by it, and that such act, or acts, was negligence and contributed to Mrs. Addis' injury, if any. Whether or not defendant, its agents, servants, or employés, and whether or not plaintiff and his wife, were guilty of negligence, is a question of fact, to be determined by you from all the evidence in the case." The complaint is that this charge was misleading in causing the jury to believe they should not consider the evidence of the plaintiff's witnesses on this issue. A reading of the charge answers that objection in full.

[7] A second complaint is that the charge referred the jury to the pleadings to ascertain the issues. This we think is also untenable.

[8] Contributory negligence was the only defense pleaded beyond a general denial, and the burden of proving this was on the appellant. G., C. & S. F. Ry. Co. v. Melville, 87 S. W. 863; H. & T. C. Ry. Co. v. Harris (Sup.) 128 S. W. 897; Barnes v. Dallas, etc., Ry. Co. (Sup.) 128 S. W. 367.

Considering the testimony relative to the character of the injuries sustained by the appellee's wife, and the suffering which she says she endured, we cannot say that the verdict is so excessive as to require a reversal upon that ground alone.

The judgment is affirmed.