GILLETTE MOTOR TRANSPORT COMPANY v. T. E. WHITFIELD.

No. A-1087. Decided March 12, 1947.
Rehearing overruled April 16, 1947.
(200 S. W., 2d Series, 624.)

*Hill, Paddock & Langdon, Massingill & Belew* and *Homer S. Hill*, all of Fort Worth, for petitioner.

It was error for the Court of Civil Appeals to hold that it was not reversible error to instruct the jury to consider and discuss matters of common knowledge in arriving at the verdict. Gulf, Mobile & No. Ry. Co. v. Weldy, 193 Miss, 59, 8 So. (2d) 249, State v. Schlick, 142 Texas 410, 179 S. W. (2d) 246; Thurman v. Chandler, 125 Texas 34, 81 S. W. (2d) 489.

*Jones & Jones*, of Marshall, *Raymond E. Buck*, of Fort Worth, for respondent.

The jury having the duty of considering and discussing matters of common knowledge, it was not harmful error for the court to tell them to do so, and if there were need for a definition or restriction of the term used, petitioner cannot complain of its ommission because it failed to request the same. Goode v. Ramey, 48 S. W. (2d) 719; Dallas Ry. & Term. Co. v. Travis, 46 S. W. (2d) 743; Williams v. Chew, 19 S. W. (2d) 68.

Mr. Chief Justice Alexander delivered the opinion of the Court.

T. E. Whitfield recovered a judgment against Gillette Motor Transport Company for damages for personal injuries received

by him as the result of a collision between defendant's truck and a railway car upon which plaintiff was riding at the time of the collision. The Court of Civil Appeals reformed and affirmed the judgment of the trial court. 197 S. W. (2d) 157. The details of the case are fully set out in the above opinion of the Court of Civil Appeals and in the opinions of the Court of Civil Appeals on former appeals. See Gillette Motor Transport Company v. Whitfield, 160 S. W. (2d) 290; Id. 170 S. W. (2d) 629; Id. 186 S. W. (2d) 90; and Wichita Falls & Southern Ry. Co. v. McDonald, 141 Texas 555, 174 S. W. (2d) 951.

Preliminary to the submission of the special issues the court instructed the jury as follows: "You will not take into consideration nor discuss any matters not produced in evidence before you, other than matters of common knowledge." The above instruction indirectly authorized the jury to consider matters of "common knowledge" in arriving at their verdict. The giving of this instruction is assigned as error. We granted the writ because we desired to give further consideration to this question.

It is a well-settled rule that the jury has the right to take into consideration matters of "common knowledge" in arriving at their verdict. International & G. N. Ry. Co. v. Eckford, 71 Texas 274, 8 S. W. 679; Baker v. Brown (Civ. App.), 210 S. W. 312; Goode v. Ramey, (Civ. App.), 48 S. W. (2d) 719 (writ ref.) ; Simmonds v. St. Louis, B. & M. Ry. Co., 127 Texas 23, 91 S. W. (2d) 332; 41 Tex. Jur., Sec. 102, p. 850 (n. 11 and 12 at p. 852) ; 53 Amer. Jur., Sec. 913, p. 656. See St. Louis, B. & M. R. Co. v. Zamora (Civ. App.), 110 S. W. (2d) 1242, par. 4, for additional cases. In fact, the jury could not very well function as such without taking these matters into consideration in arriving at their verdict. Head v. Hargrave, 105 U. S. 45, 49, 26 L. Ed. 1028; Jacksonville Ry. Co. v. Hooper, 160 U. S. 514; Speer, Law of Special Issues in Texas, Sec. 5, p. 7; Simmonds v. St. Louis, B. & M. R. Co., supra.

In most of the States of the Union it is permissible for the court to instruct the jury that they may take into consideration matters of "common knowledge" in arriving at their verdict. 53 Amer. Jur., Sec. 819, p. 602; 144 A. L. R. 932; 64 C. J., Sec. 675, p. 817 (n. 12, p. 818) 16 Tex. Law Review 403. This is in accordance with the great weight of authority. In fact, there is very little authority to the contrary.

But this Court in the case of Phoenix Refining Co. v. Tips (Com. App.), 125 Texas 69, 81 S. W. (2d) 60, in discussing a similar instruction said:

"In view of the fact that this case must be retried, there is another matter that we deem it expedient to call attention to in order to guard against another reversal. In his instructions preliminary to the questions submitted, the trial court charged the jury as follows: 'You are further instructed that you must not obtain nor receive, and in arriving at your verdict and in your deliberations thereon, you must not discuss nor take into consideration, any evidence not introduced and admitted upon the trial, nor any matters other than the charges given you by the Court, the evidence introduced and admitted upon trial, *and matters of common knowledge and general knowledge;* and you are especially instructed and warned that you must not discuss, refer to, nor take into consideration attorneys' fees in estimating damages, if any.' (Italics ours.)"

"It will be noted that this charge directly and affirmatively told the jury that in addition to the evidence they might consider matters outside the evidence of 'common and general knowledge.' We think this portion of the charge was error. It was on the weight of the evidence, was argumentative, and calculated to mislead the jury because they were not presumed to know what in law constituted 'common and general knowledge.' "

The holding in the above case has been followed by the Courts of Civil Appeals in the following cases: St. Louis, B. & M. R. Co. v. Zamora (Civ. App.), 110 S. W. (2d) 1242; Petroleum Producers Co. v. Stolley (Civ. App.), 137 S. W. (2d) 207.

However, upon further consideration we have reached the conclusion that proof of the giving of such an instruction is not alone sufficient to present reversible error. Presumably, the objection to the giving of such an instruction is that the jury may not fully understand what is meant by "common knowledge" and as a consequence may consider matters of general rumor in the community. But in this case there is no showing that the jury discussed any matter not within the rule of "common knowledge." The instruction complained of contained a correct statement of the law. Presumably, the jury understood and followed the instructions of the court. Barnes v. Dallas Consol. Electric St. Ry. Co., 103 Texas 387, 128 S. W. 367; Gulf, C. & S. F. Ry. Co. v. Giun, 131 Texas 548, 116 S. W. (2d) 693; 116 A. L. R. 795; 3 Amer. Jur., Sec. 951, p. 513; 3 Tex. Jur., Sec. 745, p. 1057 (n. 10). And if so, they considered only that which it was proper for them to consider and the defendant suffered no injury. We cannot presume that the jury misunderstood and misapplied the court's instructions and considered matters

which it should not have considered, and then base a reversal upon such an unsupported presumption.

Ordinarily, it is better practice not to instruct the jury to consider matters of common knowledge. However, in this instance we are of the opinion that the assignment presents no reversible error.

We granted the writ of error solely upon the assignment above referred to. A number of other alleged errors of procedure are complained of by the defendant. These assignments have all been discussed by the Court of Civil Appeals. We have very carefully considered each of them and have reached the conclusion that none of them presents reversible error.

The judgment of the Court of Civil Appeals, reforming and affirming that of the District Court, is affirmed.

Opinion delivered March 12, 1947.

Rehearing overruled April 16, 1947.