KIEL v. MAHAN et ux.

No. 14979.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 22, 1948.

Rehearing Denied Nov. 19, 1948.

866

E. W. Napier, of Wichita Falls, for appellant.

W. L. Bass, Davenport & Anderson and John Davenport, all of Wichita Falls, for appellees.

## McDONALD, Chief Justice.

Plaintiff's suit for damages is based on the claim that his wife suffered personal injuries as a result of inhaling chlorine gas which defendant negligently permitted to escape in the vicinity of a swimming pool operated by defendant. Plaintiff recovered judgment for $8,186.95 on a jury verdict finding defendant guilty of negligence. Defendant has appealed, presenting ten points of error.

■ ■ The first three points of error complain of the refusal of the court to submit three requested issues to the jury. The first of the refused issues inquired if plaintiff's wife re-entered the swimming pool after getting out of the pool on the south side. The second inquired if she failed to exercise ordinary care in re-entering the pool. The third inquired if such failure to exercise ordinary care was the proximate cause of her injuries. Defendant, the appellant here, argues in his brief that the evidence was sufficient to raise such issues of contributory negligence.

We have carefully examined defendant's second amended answer, on which he went to trial, and find that the only charge of contributory negligence against plaintiff is that contained in the following language, "* * * if she (suffered any injury) it was the result of her own failure to exercise ordinary care for her own protection in that after having had timely warning of the presence of the gas, she deliberately chose to remain in the vicinity of the escaping gas and that she went into the gas affected area and remained there and that such conduct was the sole cause and the proximate cause of her injury, if any, that she had." In another paragraph of his answer defendant charged that plaintiff's wife was adequately warned in time to have avoided injury, but that notwithstanding such warning she persisted in remaining near the drum which contained the chlorine gas. It is not alleged in this paragraph, however, that she was negligent in such respect or that her negligence was the cause of her injury.

Not less than ten issues were submitted to the jury concerning the alleged contributory negligence of plaintiff's wife. They followed closely the language of defendant's answer, and it is plain that they covered every charge of contributory negligence that could have been fashioned from defendant's pleadings. There are no allegations in the answer which can be construed as a charge that plaintiff's wife was guilty of contributory negligence in reentering the pool, as inquired about in the issues which defendant requested and the trial court refused. Therefore, no error is presented on appeal. Rule 94, Texas Rules of Civil Procedure requires affirmative pleading of contributory negligence. Under said rule, and under Rules 277 and 279, the trial court was required to submit only the issues made by the written pleadings and the evidence. We may properly apply here the language found in the opinion of this court in McCrory's Stores Corporation v. Murphy, Tex.Civ. App., 164 S.W.2d 735, 741, writ refused:

"* * * as pointed out above, under rule No. 94, supra, contributory negligence must now be affirmatively pleaded 'before it is available to defendant upon the trial. As we view this record the court submitted special issues on all points of contributory negligence pleaded by defendant and under rule No. 279 the general denial pleaded did not put in issue additional issues of contributory negligence not affirmatively pleaded."

To the same effect is the holding in Montgomery Ward & Co. v. Newman, Tex. Civ.App., 181 S.W.2d 613.

■■■■ The fourth point of error reads: "The court erred in submitting to the jury Special Issue No. 13 over the defendant's objection."

This issue reads as follows: "Do you find from a preponderance of the evidence that Wanda Mahan did not remain in the chlorine gas affected area after smelling same?"

The objection made in the trial court to this issue reads as follows: "Defendant excepts to Special Issue No. 13, for the reason that it fails to tell what is meant by the term 'did not remain in the chlorine gas affected area,' when for example, did she remain or not remain, and for how long and after what event or circumstance or time does the Court refer to, did she fail or did she remain in the chlorine gas affected area after she first smelled gas, before entering the pool or after some other circumstance. The issue certainly presents no guide for the jury."

It appears from the transcript that after the above objection was made the trial judge changed Issue No. 13 by adding the words "after smelling same," and that defendant stated that he still insisted on all the objections made to the issue.

The issue as submitted by the court was almost exactly in the language of the defendant's answer, and no error is presented because of the failure of the court to submit the issue in some form other than one which corresponded to defendant's pleadings. We may appropriately quote the following language from the opinion in Safety Casualty Co. v. Teets; Tex. Civ. App., 195 S.W.2d 769, 770, writ refused:

"What we have said applies to each and all of the issues requested 'by appellant and refused by the court, and it would serve no good purpose to extend this opinion by giving additional reasons why the trial court was justified in refusing such issues other than to say that under Rule 279, Texas Rules of Civil Procedure, the trial court is necessarily governed by the pleadings in formulating the issues to be submitted to a jury and that only ultimate issues raised by the pleading of the parties are to be submitted to the jury. The defendant is not entitled to have special defense issues submitted to the jury when not plead in his answer, even though the evidence might be sufficient to raise such an issue."

■■■■ Appellant is not in position to complain here of the failure of the court to give any definition or instruction in connection with such issues, because, if for no other reason, appellant did not tender to the court any instruction or definition with the request that it be submitted. Rule 279 provides: "Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment."

■■■■ Under the fifth point of error complaint is made of the refusal of the trial court to submit the issue of unavoidable accident. To be entitled to an affirmative submission of the issue of unavoidable accident, a defendant must affirmatively plead such defense. It is not enough that the issue is raised by his general denial. City of Coleman v. Smith, Tex.Civ.App., 168 S.W.2d 936, writ refused; Great Atlantic & Pacific Tea Co. v. Garner, Tex.Civ.App., 170 S.W.2d 502, writ ref. w. o. m. The decisions in the cited cases are based on the portion of Rule 279 which provides that except in certain types of cases expressly mentioned in the rule, "a party shall not be entitled to an affirmative submission of any issue in his behalf where such issue

is raised only by a general denial and not by an affirmative written pleading on his part."

■ The sixth point of error charges that the trial court erred in not permitting Dr. L. D. Parnell, defendant's medical witness, to compare plaintiff's alleged bronchial ailment with a similar ailment from which Dr. Parnell had suffered for several years. The substance of the excluded testimony is that Dr. Parnell had had bronchitis for several years, which was brought about partly from exposure in World War One, and partly from irritation from the use of tobacco. From his examination of plaintiff's wife and of X-ray pictures of her, he did not think that her condition was any worse than that of the witness. It was about the same type, just a light irritation of the bronchi. From his own experience, witness was of the opinion that plaintiff's wife was not disabled. It was the opinion of the witness, based upon his own experience, that she was not any more susceptible than would be any one else to tuberculosis.

Dr. Parnell was permitted to testify at some length concerning the condition of plaintiff's wife. He described his examination of her and of the X-ray pictures. He recited the history of the injury given to him by plaintiff's wife. He stated in detail his findings, and his opinions as to her condition. The testimony that was admitted by the court covers eighteen pages of the typewritten statement of facts.

In a proper case it might not be error for the court to permit an expert witness to compare the situation before the court with some similar situation which the witness had observed, but we do not believe that the court committed reversible error in declining to permit Dr. Parnell to compare the condition of plaintiff's wife with his own condition. For one thing, the bronchial ailments of the two sufferers resulted from different causes, one from the inhalation of chlorine gas, the other from exposure and tobacco irritation. The trial court was vested with some degree of discretion in deciding whether to permit proof of extraneous facts and conditions, and we do not see any abuse of discretion in the present instance.

■ Under the seventh point appellant contends that the trial court erred in overruling appellant's challenge for cause of the juror Lesley, who stated on the voir dire examination that his friendship for plaintiff's doctor would make it embarrassing for Lesley to render a verdict contrary to that doctor's testimony. The point is overruled. The trial judge and the attorneys for the parties interrogated the juror Lesley, asking him in effect whether he would be merely embarrassed, or whether he could not be fair and impartial. Lesley said that it would be embarrassing for him to render a verdict contrary to the testimony of such doctor, but declared that he thought he could be a fair and impartial juror. We are not willing to say that reversible error is shown by the record before us.

■ Jury misconduct is claimed under the eighth and ninth points of error.

It appears from the record that one of the jurors, in the presence and hearing of the others, remarked that defendant owned a skating rink. The juror casually made the remark just mentioned, and another juror said, "Well, we are not supposed to consider that," and nothing else was said about the matter. It does not seem to us that the occurrence was one that was reasonably calculated to cause or probably did cause the rendition of a verdict that was unfavorable, rather than favorable, to appellant.

The only witness examined with reference to the alleged jury misconduct was the juror Sanders. At the hearing on the motion for new trial he was asked if one juror had not suggested an award of damages in the sum of $2,000, and in reply said that he did not hear the suggestion when it was made, but that another juror told him that one of the jurors had suggested that amount. Being asked if one of the jurors did not say that he would get more than that under workmen's compensation law, Sanders replied that he believed he heard one man say something like that, but could not swear to what was said, he would not

say what was said. He remembered one juror saying that he had eight men working for him, and something to the effect that if it did not cost more than that ($2,000) to settle a case like this one, there would not be any use in carrying compensation. He was asked, "Mr. Sanders, that was just mentioned, you all didn't discuss that did you?" He replied, "No, sir, we didn't discuss it at all." He said that they did not use "any of that" in arriving at their verdict.

We do not believe that appellant has met the burden cast upon him by Rule 327. In other words, we do not believe that it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to appellant from the occurrences just discussed.

The tenth and last point of error complains of the following instruction in the court's charge:

"You cannot take into consideration any fact or circumstance not brought out in the testimony admitted before you."

Appellant objected in the trial court on the ground that the instruction expressly eliminated from the jury consideration of matters of common knowledge and the jurors' common experience, and the appearance, manner and demeanor of the witnesses and the parties.

While it is held that the jury may properly consider matters of common knowledge, it is also said that ordinarily it is better practice not to instruct the jury concerning matters of common knowledge. Gillette Motor Transport Co. v. Whitfield, 145 Tex. 571, 200 S.W.2d 624. In Petroleum Producers Co. v. Stolley, Tex.Civ. App., 137 S.W.2d 207, it was held that the trial court did not err in refusing to instruct the jury that they could consider matters of common knowledge. The holdings in the cases cited would also suggest that ordinarily it would be better practice not to instruct the jury to consider their common experience in arriving at a verdict. We could not properly hold that the trial court in the present instance erred in following a rule of practice which seems clearly to have been recommended by our

Supreme Court. We do not see that the instruction in the charge precluded the jury in passing on the credibility of the witnesses, from considering their appearance, manner and demeanor.

The judgment of the trial court is affirmed.